UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDSEY ADELMAN STUDIO LLC, a
New York limited liability company, LINDSEY
ADELMAN, individually,

        Plaintiff,

vs.

STILNOVO LLC, a New York limited
liability company; FROOOGAL, LLC, d/b/a
FRANCE AND SON, a New York limited
liability company; and
WEN CHIN WU, a/k/a Kevin Wu,

        Defendants.

Civil Action No. 18-cv-8146



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

## CONSENT ORDER, FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs, Lindsey Adelman Studio, LLC, and Lindsey Adelman, individually, and Defendants, Stilnovo LLC, Frooogal, LLC, d/b/a France and Son, and Wen Chin Wu, a/k/a Kevin Wu (collectively, "Defendants"), submit, pursuant to the parties' stipulation, this Consent Order, Final Judgment and Permanent Injunction.

### FINDINGS OF FACT

1. Plaintiffs, Lindsey Adelman Studio, LLC, and Lindsey Adelman, have filed a Complaint alleging various counts of trademark infringement pursuant to 15 U.S.C. §1114(1); false designation of origin and trade dress infringement pursuant to 15 U.S.C. §1125(a); trademark dilution pursuant to 15 U.S.C. §1125(c); and common law unfair competition, against Defendants, Stilnovo LLC, Frooogal, LLC, d/b/a France and Son, and Wen Chin Wu, a/k/a Kevin Wu, as more particularly described in Plaintiffs' Complaint.

2. Plaintiffs allege that Defendants were selling through their stores and Internet sites various designs of lighting fixtures that were either piratical copies or substantial copies of

Plaintiffs' proprietary lighting fixtures. Plaintiffs' claims included counts for trademark and trade dress infringement of both registered and unregistered trademarks and trade dress that include, but are not limited to: "Lindsey Adelman Studio", "Lindsey Adelman", "Branching Bubble", "Branching Bubble" trade dress, and other marks and indicators of origin used and associated with Plaintiffs and Plaintiffs' products (collectively the "Lindsey Adelman Marks").

3. Plaintiffs use the Lindsey Adelman Marks in connection with their design, sale, marketing, distribution and promotion of unique, high-end, acclaimed lighting fixtures.

4. Defendants have filed an answer and defenses denying liability for the acts alleged in Plaintiffs' Complaint.

5. Lindsey Adelman Studio's lighting creations have developed fame and iconic status among the interior design community and consumers of modern high-end design products. Lindsey Adelman Studio collections have been exhibited at famous art houses and design museums, including the Cooper-Hewitt National Design Museum, Design Miami, Nilufar Gallery, Smithsonian Design Museum, and BBDW Gallery, among others.

6. Among the Lindsey Adelman Marks used by Plaintiffs, Lindsey Adelman Studio owns U.S. federal trademark Registration. No. 5,407,182 for "Lindsey Adelman Studio". Plaintiffs other names and marks to designate their products, including "Lindsey Adelman", "Branching Bubble", Branching Bubble trade dress, and design collection names and signature components "Agnes", "Branching Disc", "Burst", "Cherry Bomb", "Kingdom", "Clamp", "Catch", "Edie", "Empire", "Drop System", "Lindsey" and "Knotty Bubbles". The parties have stipulated to the entry of this Consent Order, Final Judgment, and Permanent Injunction.

7. The Court accepts the parties' Consent and stipulation to the relief set forth herein.

It is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

8. The Court has jurisdiction of the entire subject matter of this action as set forth in Plaintiffs' Complaint and Defendants' Answer. Venue is proper in this Court.

9. Defendants, Stilnovo USA LLC, France and Son, Inc., and Kevin Wu, their agents, employees, servants, privies, successors, and assigns, and all persons acting in concert, participation or combination with the Defendants are hereby permanently enjoined and prohibited from:

(a) Using the Lindsey Adelman Marks in any manner, and from making, using or promoting any mark that is similar thereto particularly in connection with interior and lighting design sales, concepts or products, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as Google ad-words, or other key word advertising;

(b) Making, using, offering for sale or selling any lighting fixture through the use of any name, mark or indicator of origin that is confusingly similar to the Lindsey Adelman Marks including the Branching Bubble mark, its trade dress, the Agnes mark and any indicators of origin utilized by Plaintiff such as Branching Disc, Burst, Cherry Bomb, Kingdom, Clamp, Catch, Edie, Empire, Drop System, Lindsey, Knotty Bubbles, and future Lindsey Adelman Studio collections;

(c) Manufacturing, promoting, advertising and selling any product through the use of the Plaintiffs' protected trade dress and any design or trade dress similar thereto;

(d) Using marks or other indicators of origin that are likely to cause confusion, mistake, or deception in the minds of the consuming public as to Plaintiffs' affiliation,

3

association, connection, licensing, sponsorship, or approval of any of the products or services offered by Defendants;

(e) Passing off, inducing, or enabling others to offer or pass off any product or service which does not originate from Plaintiffs as a product or design that does in fact originate from Plaintiffs;

(f) Committing any other act calculated to cause any person or entity to believe that Defendants' products originate from Plaintiffs, unless such product or designs do in fact originate from Plaintiffs; and

(g) Utilizing any of the Lindsey Adelman Marks or any derivative or variation of those terms or marks, or any visually or phonetically similar term in connection with any goods or lighting designs offered for sale, including on the internet through e-commerce websites, meta-data, marketing or promotional activities such as google ad-words, or other key word advertising. Prohibited terms shall include: Lindsey Adelman, Lindsey Adelman Studio, Branching Bubble, Agnes, Branching Disc, Burst, Cherry Bomb, Kingdom Clamp, Knotty Bubbles, Lindsey, and future Lindsey Adelman Studio collections.

10. In addition, Defendants will affirmatively take the following actions:

(a) Within one week of the date of the Order, Defendants must account for all on-hand inventory, goods and materials and orders pending for such goods and materials which contain, depict, utilize or derive from the Lindsey Adelman Marks and cancel all Google ad words, and remove all Google cache files.

(b) Notwithstanding paragraphs 1 through 10(a) above, or anything else stated in this Order, Defendants shall have until June 30, 2019 to sell-off or destroy the on-hand inventory identified in (a) above. During the sell-off period and at all times thereafter,

4

Defendants shall not advertise, promote or make any use of the Lindsey Adelman Marks in their efforts to sell or dispose of the inventory. Defendants shall immediately remove all Lindsey Adelman marks from their websites, including metadata and search functions; and shall not make use of the Lindsey Adelman marks in any internet search engine optimization efforts, including for example google adwords or any similar key word advertising or sponsored links to products that are subject to Plaintiffs' claims. Defendants shall be permitted to display the products on their websites and in their stores with a general product description consistent with this paragraph during the sell-off period. Defendants shall not place orders for, accept or otherwise acquire inventory not existing as of the date of this Order. Following the earlier of either the disposition of Defendants' on-hand inventory or June 30, 2019, Defendants shall remove all subject product pages from Defendants' websites consistent with this Order.

(c) Defendants must disclose the names and addresses of all manufacturing and supply sources for all products and inventory utilizing the Lindsey Adelman Marks in writing to Plaintiff's counsel no later than January 31, 2019.

11. The Court shall retain jurisdiction to enforce the terms of this Consent Order, Final Judgment and Permanent Injunction. In the event that any further litigation is necessary to enforce or interpret the rights, duties, or obligations contained in this Consent Order, the prevailing party shall be entitled to recover their attorney's fees incurred at all levels of such proceedings.

**IT IS SO ORDERED.**

Dated: 1/28/, 2019
New York, New York

_____
UNITED STATES DISTRICT JUDGE

ACTIVE· L25798/390517 11891884_1